United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYSAM MORADPOUR,<br>Plaintiff,<br>v.<br>VELODYNE LIDAR, INC., et al.,<br>Defendants. | Case No. 21-cv-01486-SI<br><br>**ORDER CONSOLIDATING CASES, APPOINTING LEAD PLAINTIFF, AND APPOINTING LEAD COUNSEL**<br><br>Re: Dkt. Nos. 16, 18, 30, 31, 36, 45, 46 |

Before the Court are seven motions to consolidate cases 21-cv-01486-SI, 21-cv-01736-VC, and 21-cv-01950-JST and seven motions for appointment as lead plaintiff. Dkt. Nos. 16, 18, 30, 31, 36, 45, 46. On July 2, 2021, the Court heard oral argument on the motions. For the reasons set forth below, the Court **GRANTS** the motions to consolidate, **GRANTS** Diane and William Smith's motion to appoint lead plaintiff and lead counsel, and **DENIES** the remaining motions for appointment as lead plaintiff and lead counsel.

## BACKGROUND

The present matter, 21-cv-1486-SI, arose in connection with statements allegedly issued by Velodyne Lidar, Inc. ("Velodyne"), Anand Gopalan, and Andrew Hamer (collectively "defendants") regarding Velodyne's business operations and financial prospects. Velodyne develops lidar sensor technologies for automated systems and in 2020 became a public entity when it merged with Graf Industrial Corp., a special purpose acquisition company. Dkt. No 1 at ¶ 16.

On March 2, 2021, in 21-cv-1486-SI, plaintiff Meysam Moradpour filed a securities class action complaint ("Moradpour Action") against Velodyne Lidar, Inc., Anand Gopalan, and Andrew Hamer (collectively "defendants") for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated

United States District Court
Northern District of California

thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5. Dkt. No. 1 at 2. Plaintiff alleges defendants made false or misleading statements and failed to disclose material adverse facts to investors during the class period, November 9, 2020 and February 19, 2021. *Id.* at ¶ 5.

On March 12, 2021, in 3:21-cv-01736-VC, Robert Reese filed a securities class action complaint ("Reese Action") against Velodyne Lidar, Inc., Anand Gopalan, and Andrew Hamer for violations of Section 10(b) and Rule 10b-5 promulgated thereunder and Section 20(a) of the Exchange Act. *See* Reese v. Velodyne Lidar Inc., Case No. 3:21-cv-01736-VC, Dkt. No. 1 at 2. The Reese Action complaint alleges throughout the class period, November 9, 2020 – February 19, 2021, defendants made false and misleading statements and failed to disclose material adverse facts to investors. *Id.* at ¶ 5.

On March 19, 2021, Carol E. Nick, in 4:21-cv-01950-JST, filed a securities class action complaint ("Nick Action") against Velodyne Lidar, Inc., Anand Gopalan, Andrew Hamer, James A. Graf, Michael Dee, OC Opportunities Fund II, L.P., Owl Creek Asset Management, L.P., and Graf Acquisition LLC for violations of Section 10(b) and Rule 10b-5 promulgated thereunder and Section 20(a) of the Exchange Act. *See* Nick v. Velodyne Lidar Inc, Case No. 4:21-cv-01950-JST, Dkt. No. 1 at 2. The Nick Action complaint alleges throughout the class period, July 2, 2020 – March 17, 2021, defendants allegedly made false and misleading statements and failed to disclose adverse facts to investors. *Id.* at ¶ 60.

Now before the Court are seven unopposed motions requesting consolidation of the Moradpour Action, Reese Action, and Nick Action and seven separate motions for appointment as lead plaintiff and lead counsel. Dkt. Nos. 16, 18, 30, 36, 45, 46. All lead plaintiffs movants, except Diane and William Smith, filed non-oppositions to the competing motions for appointment as lead plaintiff. Dkt. Nos. 50, 51, 52, 54, 55, 56, 57.

## LEGAL STANDARD

### I. Consolidation

Federal Rule of Civil Procedure 42 allows the Court to consolidate actions that "involve a

common question of law or fact." Fed. R. Civ. P. 42(a). District courts are granted broad discretion in deciding whether to consolidate cases pending in the same district. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

### II. Lead Plaintiff

The Private Securities Litigation Reform Act of 1995 ("PSLRA") is "intended to encourage the most capable representatives of the plaintiff class to participate in class action litigation and to exercise supervision and control of the lawyers for the class." Joint Explanatory Statement of the Committee of Conf., Conference Report on Sec. Litig. Reform, H.R. Conf. Rep. No. 104-39 at 32 (1995). Under the PSLRA, all proposed lead plaintiffs must submit a sworn certification setting forth certain facts designed to assure the Court that the plaintiff has suffered more than a nominal loss, is not a professional litigant, and is otherwise interested and able to serve as a class representative. 15 U.S.C. § 78u-4(a)(2)(A).

The Court must determine which proposed plaintiff is the "most adequate plaintiff." *Id*. at § 78u-4(a)(3)(B)(I). The Court considers whether timely and complete notice of the action was published, losses suffered by plaintiffs, and whether plaintiffs satisfy Federal Rule of Civil Procedure 23(a). *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002).

### III. Lead Counsel

"A court generally should accept the lead plaintiff's choice of counsel unless it appears necessary to appoint different counsel to protect the interests of the class." *Robb v. Fitbit Inc.*, No. 16-CV-00151-SI, 2016 WL 2654351 at *7 (N.D. Cal. May 10. 2016). In appointing lead counsel, the Court considers the competency of class counsel as a part of the lead plaintiff's adequacy assessment. *Casden v. HPL Techs., Inc.*, No. C-02-3510 VRW, 2003 WL 27164914 (N.D. Cal. Sept. 29, 2003).

## DISCUSSION

### I. Consolidation

Seven movants, Krista Buccholz & John Whitney, Evy Gru, David Handley, Diane Smith &

United States District Court
Northern District of California

William P. Smith, Velodyne Investor Group, Brandon Welu, and Scott Wentz, filed motions to consolidate the present action with 21-cv-01736-VC and 21-cv-01950-JST. Dkt. Nos. 16, 18, 30, 31, 36, 45, 46. During oral argument, defendants represented that defendants do not oppose consolidation.

The Court finds consolidation appropriate. The motions to consolidate are unopposed. Moreover, the Moradpour, Reese, and Nick actions involve the same substantive public statements and SEC filings allegedly made by defendants. All three actions arise from the same factual scenario—namely, whether Velodyne securities were artificially inflated during the class period as a result of defendant's alleged conduct and public statements. *See Sayce v. Forescout Techs., Inc.*, No. 20-cv-00076-SI, 2020 WL 4207444, at *3 (N.D. Cal. July 22, 2020) ("Differences in class periods, parties, or damages among the suits do not necessarily defeat consolidation, so long as the essential claims and facts alleged in each case are similar.").

Accordingly, the Court **GRANTS** the motions to consolidate and hereby consolidated cases 21-CV-01486-SI, 21-CV-01736-VC, and 21-CV-01950-JST.

## II. Lead Plaintiff

Seven movants, Krista Buccholz & John Whitney, Evy Gru, David Handley, Diane Smith & William P. Smith, Velodyne Investor Group, Brandon Welu, and Scott Wentz, originally filed motions for appointment as lead plaintiff. Dkt. Nos. 16, 18, 30, 36, 45, 46. However, movants Krista Buccholz & John Whitney, Evy Gru, David Handley, Velodyne Investor Group, Brandon Welu, and Scott Wentz do not oppose appointment of Diane and William Smith as lead plaintiff. Dkt. Nos. 50, 51, 52, 54, 56, 57. During oral argument, defendants represented that defendants do not oppose appointment of Diane and William Smith as lead plaintiffs.

The Court hereby appoints Diane and William Smith as lead plaintiffs. Plaintiff Moradpour properly filed a notice of publication of SEC class action. Dkt. No. 8 (Notice by Meysam Moradpour of Publication of SEC Class Action Notice); *see In re Cavanaugh*, 306 F.3d at 729 ("The first step (for identifying lead plaintiff) consists of publicizing the pendency of the action, the claims made and the purported class period (by first plaintiff)"). Diane and William Smith purchased the most

United States District Court
Northern District of California

shares during the class period, hold the most net shares and net funds expended during the class period, and suffered the most financial lost.[1] *See Richardson v. TVIA, Inc., No*. 06-6304-RMW, 2007 WL1129344, at *3 (N.D. Cal. Apr. 16, 2007) ("Courts have typically considered the [following] factor to determine who has the largest financial interest: '(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.'") (internal citations omitted). Finally, the cause of Diane and William Smith's financial loss is similar to the cause of financial loss for other plaintiffs in the class period—decrease in Velodyne stock values.

Accordingly, the Court **GRANTS** Diane and William Smith's motion to appoint as lead counsel and appoints Diane and William Smith as the lead plaintiffs.

## III. Lead Counsel

Generally, once a lead plaintiff is selected, that plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). A court generally should accept the lead plaintiff's choice of counsel unless it appears necessary to appoint different counsel to "protect the interests of the class." *Id*. at § 78u–4(a)(3)(B)(iii)(II)(aa). Here, Diane and William Smith selected Kahn Swick & Foti, LLP to represent them. Dkt. No. 35. During oral argument, Kahn Swick & Foti, LLP represented that its firm has adequate experience in securities actions and has the resources and financial ability to be lead counsel. Accordingly, the Court approves the lead counsel selection of Diane and William Smith and **GRANTS** Diane and William Smith's motion for appointment of lead counsel.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motions to consolidate. These cases shall

[1] Diane and William Smith declare purchasing 675,842 shares during the class period, retaining 666,616 shares during the class period, and expending $4,126,526.41 net funds, resulting in a total loss of $3,529,579.31. Dkt. No. 45-3, Abadou Decl. Ex. B at 2.

be consolidated under the lowest case number, 21-cv-1486.

The Court **GRANTS** Diane and William Smith's motion to appoint lead plaintiff and lead counsel and **DENIES** the remaining motions for appointment as lead plaintiff and lead counsel. The Court appoints Diane and William Smith to serve as lead plaintiffs. The Court appoints Kahn Swick & Foti, LLP to serve as lead counsel.

Lead counsel shall file an amended consolidated complaint by September 1, 2021.

**IT IS SO ORDERED**.

Dated: July 2, 2021

SUSAN ILLSTON
United States District Judge